UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENNIS DEVEER | CIVIL ACTION |
| v. | NO. 18-3100 |
| ST. TAMMANY PARISH SHERIFF'S OFFICE, ET AL. | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to St. Tammany Parish Sheriff's Office and St. Tammany Correctional Center's motion to dismiss pursuant to Rule 12(b)(6) has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] Dennis Deveer, pro se, seeks to recover under 42 U.S.C. § 1983 as a result of injuries he says he suffered during a traffic stop effected by Covington Police Department officers on March 24, 2017. He alleges that when the officers arrested him, he sat in a hot police car for hours before being transported to St. Tammany Parish Jail. Mr. Deveer alleges that he was arrested and charged with running a stop sign and resisting an officer; that he did neither; and that he should have been issued a misdemeanor summons, not arrested and booked at the jail.

1

that St. Tammany Parish Sheriff's Office and St. Tammany Correctional Center's motion to dismiss is hereby GRANTED as unopposed. The plaintiff's claims against St. Tammany Parish Sheriff's Office and St. Tammany Correctional Center are hereby dismissed.

New Orleans, Louisiana, May 29th, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

St. Tammany Parish Sheriff's Office and St. Tammany Correctional Center move to dismiss the plaintiff's allegations against them for failure to state a claim upon which relief may be granted. They argue that neither of them are legal entities capable of being sued, and that the plaintiff's allegations fail to plead enough facts to state a claim for relief that is plausible on its face. The Court agrees. It is settled that a Sheriff's Department is not a legal entity capable of being sued. See Valentine v. Bonneville Ins. Co., 691 So.2d 665, 668 (La. 1997)("The law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff"; Edwards-Payton v. Williams, No. 11-191, 2011 WL 3626811, at *2 (E.D. La. Aug. 17, 2011)(granting Orleans Parish Sheriff's Office motion to dismiss because a parish sheriff's office is not a legal entity capable of being sued). Furthermore, there are no factual allegations linking St. Tammany Correctional Center or Sheriff's Office to the constitutional harms alleged by the plaintiff; Mr. Deveer's factual allegations focus on the officers involved in the traffic stop, not the St. Tammany Parish defendants.