UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DENNIS DEVEER                                    CIVIL ACTION

v.                                               NO. 18-3100

ST. TAMMANY PARISH SHERIFF'S OFFICE, ET AL.      SECTION "F"

ORDER AND REASONS

Before the Court is a motion to dismiss for insufficiency of service by the Covington Police Department, Covington Police Chief Tim Lentz, Sgt. Shane Maricelli, and Officer Lane Williard Benjamin, II, individually and in their official capacities. For the reasons that follow, the motion is GRANTED.

Background

This civil rights litigation arises from a traffic stop effected by Covington Police Department officers.

On March 24, 2017, Dennis Deveer was stopped in his vehicle by Covington Police Department officers. When the officers arrested him, he alleges, he sat in a hot police car for hours before being transported to St. Tammany Parish Jail. He was arrested and charged with running a stop sign and resisting an

1

officer. But Deveer alleges that he did neither, and that he should have been issued a misdemeanor summons, not arrested and booked at the jail.

On March 22, 2018, Dennis Deveer, pro se, sued St. Tammany Parish Sheriff's Office, St. Tammany Correctional Center, Covington Police Department, Tim Lentz (individually and in his official capacity as Covington Police Chief), John Christopher Dupuy (individually and in his official capacity as a Deputy of the Covington Police Department), Shane Marcello (individually and in his official capacity as a sergeant of the Covington Police Department), and Lance Williard Benjamin, II (individually and in his official capacity as an officer of the Covington Police Department). Deveer seeks to recover under 42 U.S.C. § 1983 as a result of injuries he says he suffered during the traffic stop. St. Tammany Correctional Center and St. Tammany Parish Sheriff's Office moved to dismiss the claims against them for failure to state a claim; no opposition was filed. On May 29, 2018, the Court granted the motion. The remaining defendants (including Shane Maricelli whom defendants note was incorrectly named in the complaint as Shane Marcello) now move to dismiss the plaintiff's

claims for insufficient service and insufficient service of process.[1]

I.

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." Murphy Bros., Inc. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Id. ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons....")(citation omitted); see Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)(the Court lacks personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4.); see also Aetna Bus. Credit v. Universal Decor, 635 F.2d 434, 435 (5th Cir. 1981)("In the absence of valid service of process, proceedings against a party are void.").

---

[1] After the defendants moved to dismiss for insufficiency of service, the Court ordered the plaintiff to file into the record, no later than July 6, 2018, the returns of service of process, or face dismissal of his claims against the unserved defendants.

3

Federal Rule of Civil Procedure 4(c) governs service of process and obliges the plaintiff to serve the summons and complaint:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Rule 4(m) provides the time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- **must** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

(emphasis added).

Rule 12(b)(4) of the Federal Rules of Civil Procedure allows a defendant to attack the form of the process, rather than the method by which it is served. By contrast, Federal Rule of Civil Procedure 12(b)(5) allows a party to advance a defense based on insufficient service of process. Fed. R. Civ. P. 12(b)(5); 5B Charles Alan Right & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1353 (3d ed. 2013)("Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."). Dismissal is appropriate

under Rule 12(b)(5) if, for example, service of process is not accomplished in a timely manner or was not served in the appropriate manner.

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Systems Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)(citations omitted). District courts exercise "broad discretion in determining whether to dismiss an action for ineffective service of process." George v. U.S. Dep't of Labor, 788 F.2d 1115, 1116 (5th Cir. 1986). When a defendant challenges whether the plaintiff has complied with the time limit for service of process, the Court must first determine if the plaintiff can show good cause; if so, then the Court must extend the 90 day period for service. See Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). If good cause is not shown, the Court may decide to dismiss the case without prejudice or extend the deadline for service. Id. To show good cause within the meaning of Rule 4(m), "some showing of good faith and a reasonable basis for noncompliance within the time specified is necessary." See McDonald v. United States, 898 F.2d 466, 467 (5th Cir. 1990). Notably, "[a]ctions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending the...period for service."

Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990)(citing McDonald, 898 F.2d 466). If the plaintiff fails to show good cause for its failure to effect timely service, dismissal is warranted. See McDonald, 898 F.2d at 468; Pugh v. Bank of Am., No. 16-14766, 2017 WL 1427015, at *3 (E.D. La. Apr. 21, 2017)(Milazzo, J.); Hunter v. Goodwill Indus., No. 05-2698, 2006 WL 1968860, at *2 (E.D. La. July 13, 2006)(Vance, J.).

II.

The remaining defendants move to dismiss the plaintiff's claims against them on the ground that the plaintiff failed to satisfy the requirements of both process and service. According to the defendants, copies of four summonses were dropped off at the office of Covington Police Chief Tim Lentz. A woman named Belinda Brown handed the four summonses to the Chief's secretary, Courtney Graves. Ms. Graves states in an affidavit that the paperwork delivered included only the four individual summonses; no copy of the complaint was included. Ms. Graves also states that she was not asked to waive service.

The defendants argue that the form of process is deficient because the papers delivered failed to include a copy of the complaint as required by Rule 4(c), and service is likewise

6

deficient insofar as service was never effected in the appropriate manner given the absence of a copy of the complaint. The Court agrees. Additionally, the plaintiff has failed to accomplish timely service and failed to comply with this Court's order requiring that the plaintiff shall file into the record the returns of service of process no later than July 6, 2018.[2] For all of these reasons, and because the plaintiff has failed to show good cause excusing his failure to timely and validly serve the defendants, the defendants' motion is GRANTED, and the plaintiff's claims are hereby dismissed without prejudice.

New Orleans, Louisiana, July 9th, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff has filed nothing into the record since his complaint was filed on March 22, 2018. He failed to respond to any of the defendants' motions to dismiss.